SAMUEL G. DONNELL, petitioner for *Certiorari*,

*vs.*

COUNTY COMMISSIONERS OF YORK COUNTY.

York.　Opinion February 11, 1895.

*Way.　County Commissioners.　Jurisdiction.　R. S., c. 18, § 19.*

Jurisdictional facts which empower county commissioners, as an appellate tribunal to act, must not be left to inference. They must be averred directly and positively.

The unreasonableness of the neglect or refusal of selectmen to lay out a town way must on appeal be adjudged by the commissioners, or their proceedings

will be quashed on *certiorari*. Their adjudication that a way is of common convenience and necessity is not sufficient. The same principle equally applied when selectmen act unreasonably in laying out a town way. The commissioners as an appellate court must adjudge the action of the town to have been unreasonable if they would reverse its action. It is the determination of that question which gives the appellate court jurisdiction. If it fails to so determine, then it is without jurisdiction.

On an appeal to the county commissioners from the laying out a town way by the selectmen and accepted by the town, they considered the same and reported: " We are of opinion and adjudged, and do hereby adjudge and determine that common convenience and necessity do require that we reverse said action and decision of the municipal officers and inhabitants, and discontinue said way." *Held;* that the county commissioners acted without jurisdiction in the premises, and that their record be quashed.

*State* v. *Pownal*, 10 Maine, 24, reaffirmed.

ON REPORT.

The case is stated in the opinion.

*J. T. Davidson*, for petitioner.

*G. C. Yeaton*, for respondents.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

HASKELL, J. The selectmen of the town of York, on the application of thirty petitioners, by regular procedure, located a town way and reported their action to a town meeting, legally called and warned, to consider the matter ; and at such meeting the inhabitants voted to accept the report of the selectmen and lay out the way.

The York Harbor and Beach Railroad Company regularly took an appeal to the County Commissioners, who considered the same and reported : "We are of opinion and adjudged, and do hereby adjudge and determine, that common convenience and necessity do require that we reverse said action and decision of the municipal officers and inhabitants, and discontinue said way."

The commissioners do not adjudge that common convenience and necessity did not require the location of the way by the town ; but that common convenience and necessity do require a reversal of such action of the town. That is, now, at the time

of our report, the necessity is so, inferably from causes that may have intervened since the location of the way by the town.

Now the jurisdiction of the commissioners was appellate only. They could reverse the action of the town only for causes that existed at the time the action was taken, not for causes since arising. That was decided by this court more than half a century ago and has not been questioned since. *State* v. *Pownal*, 10 Maine, 24, a case directly in point. There the judgment was, on appeal from refusal of the town to locate : "It is of common convenience and necessity that the town road described in the application be opened and made by said town of Pownal ;" and the court quashed the record on *certiorari* for the reason above stated. "Being an inferior tribunal, nothing is presumed in favor of the commissioners' jurisdiction ; but it must appear by their record." *Hayford* v. *Commissioners*, 78 Maine, 155, citing, with approval, *State* v. *Pownal*, *supra*, and other cases.

In *Goodwin* v. *Commissioners*, 60 Maine, 328, the town refused to lay out a way, but recommended a petition to the county commissioners. Such petition was filed, and they adjudged : "That common convenience and necessity do not require the establishing of the road prayed for in the foregoing petition." An appeal was taken to this court. The committee appointed in the case reported : "That the judgment of the county commissioners, in refusing to lay out the way as prayed for, ought to be reversed in whole ; that public convenience and necessity do require that a town way, as prayed for, be laid out by the county commissioners over the route viewed by the committee, three rods wide." To the acceptance of this report objection was made that the commissioners had no jurisdiction ; and it was so held upon the doctrine of *State* v. *Pownal*, *supra*, the court saying : "The adjudication of the county commissioners is that common convenience and necessity do not require the way prayed for in the petition. The adjudication of a majority of the appeal committee appointed by this court is in favor of the road prayed for ; but they do not adjudge that the selectmen of the town had unreasonably neglected or refused to lay it out. . . . Jurisdictional facts must not be left to

inference. They must be averred directly and positively," citing *Bethel* v. *Commissioners*, 42 Maine, 478. Again the court says : "The unreasonableness of the neglect or refusal [of the selectmen] must be adjudged by the commissioners, or their proceedings will be quashed on *certiorari*. An adjudication that a way is of common convenience and necessity is not sufficient." *Pownal* v. *Commissioners*, 63 Maine, 102.

True, these cases are the reverse of the one at the bar. They are appeals from a refusal to locate by the town. This one from locating. But the principle is the same ; the appellate court must adjudge the action of the town to have been unreasonable if it would reverse its action, whether it be in locating, or refusing to locate ; and the warrant for action by the town must be the case of common convenience and necessity then ; and the determination of that question gives the appellate court jurisdiction. If it does not determine that, it cannot determine anything else, for it is then without jurisdiction in the premises.

In *Eden* v. *Commissioners*, 84 Maine, 52, the adjudication was, "do confirm the action of the selectmen in laying out said way," and it was held sufficient. Certainly. There had been a valid location by the town, and the commissioners might well confirm it, in the simplest language possible. It was valid before their action ; and if they had no jurisdiction, it remained valid ; if they had jurisdiction, they still left it valid. But had they reversed the location, using the same phrase, it would not have been open to the objections raised here. The language here is : "We do hereby adjudge and determine that common convenience and necessity do require that we reverse said action and decision of the municipal officers and inhabitants and discontinue said way." Not that the location by the town was unauthorized, but that we now see it should be reversed. New reasons and conditions require it. These should have been given on petition to the selectmen for a discontinuance of the road, not on appeal.

On petitions of this sort, appropriate evidence may be received in aid of a defective record that would authorize amendments according to the fact. No such evidence is offered or suggested

in this case. Indeed, the defendants answer that the commissioners made "due returns of all their doings," and made and filed their report and caused it to be made of record "in accordance with all the requirements of law." *White* v. *Commissioners*, 70 Maine, 317 ; *Hewett* v. *Commissioners*, 85 Maine, 308, and cases cited.

The result is the county commissioners must be held to have acted without jurisdiction in the premises. Their record must be quashed, and the town left to construct its own way as it has decided common convenience and necessity required, although against the protest of the petitioning railroad company. Being willing to pay the expense, why should not a town be allowed to lay and build its own roads?

*Writ to issue.    Record to be quashed.*